Charles Pierre v. Sandra Doorley, et al City of Rochester, et al

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of November, two thousand twenty.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                     *Circuit Judges.*

_____

CHARLES PIERRE,

                 *Plaintiff-Appellant*,

        v.                                                    19-2638-cv

SANDRA DOORLEY, MONROE COUNTY DISTRICT ATTORNEY'S OFFICE, MONROE COUNTY, CITY OF ROCHESTER, ROCHESTER POLICE DEPARTMENT, MICHAEL GREEN,

                 *Defendants-Appellees*.

_____

Appearing for Appellant:        Van Henri White, Rochester, NY.

Appearing for Appellees:        Patrick Beath, of counsel (Timothy R. Curtin, Corporation
                                Counsel, *on the brief*), Rochester, NY.

Adam M. Clark, Deputy County Attorney, *for* John P. Bringewatt, Monroe County Attorney, Rochester, NY.

Appeal from the United States District Court for the Western District of New York (Siragusa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Charles Pierre appeals from the July 23, 2019 final judgment of the Western District of New York (Siragusa, *J.*), dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(6), Pierre's claims brought under 42 U.S.C. Sections 1983, 1985, and 1986 and state law. Pierre alleged violations of his constitutional rights based on post-conviction withholding of exculpatory evidence and sought to argue that New York Criminal Procedure Law ("CPL") Section 440.10(1)(g) is constitutionally deficient because it provides inadequate post-conviction discovery procedures. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On July 28, 2003, a New York trial court sentenced Pierre to life in prison without parole for two murders and arson that occurred at 262 First Street, Rochester, New York on August 2, 2002. In 2005, a Rochester Police Department ("RPD") officer responding to a domestic violence incident encountered a witness, Kathleen Boyd, who stated that her husband, Darrell Boyd ("Boyd"), committed the murders and arson at 262 First Street and that an innocent man was imprisoned for those same crimes. When pressed, Kathleen Boyd refused to disclose more information. A 2005 incident report so indicating was submitted to an RPD supervisor. In 2012, another RPD officer discovered the 2005 report while investigating Boyd for other crimes. During the course of that investigation, the RPD re-interviewed Kathleen Boyd, who then stated that Boyd himself had confessed to her that he committed the 262 First Street murders, and found another witness who also stated that Boyd confessed the same to him.

Pierre was not told of the evidence implicating Boyd until November 2013, after which Pierre filed a motion in state court to vacate his sentence pursuant to CPL Section 440.10. A New York state judge granted the motion, affording Pierre a new trial at which he was acquitted. Pierre then brought the instant suit alleging that members of the RPD and the Monroe County District Attorney's ("DA") office violated his constitutional rights by failing to timely disclose the exculpatory evidence.

The district court granted defendants' motion to dismiss Pierre's claim in its entirety on a variety of grounds, including that the individual RPD officers were entitled to qualified immunity and that Pierre failed to adequately plead a due process violation. We review the district court's judgment de novo. *See Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019).

We affirm. The district court properly found that Pierre failed to plausibly allege that CPL Section 440.10(1)(g) is constitutionally deficient and that any implicated state actors would be protected by qualified immunity.

2

The Supreme Court has held that post-conviction defendants do not have a constitutional right to disclosure of exculpatory evidence in the way that pre-conviction defendants do pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). *Dist. Atty's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 69 (2009). When evaluating the constitutionality of state-provided post-conviction procedures, the Supreme Court directs courts to ask whether the procedure "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, or transgresses any recognized principle of fundamental fairness in operation." *Id.* at 69 (citation and internal quotation marks omitted). No such traditional "principle of justice" supports Pierre's attack on CPL Section 440.10(1)(g)'s constitutionality. Indeed, once Pierre knew of the exculpatory evidence, he successfully used the mechanism to obtain a new trial and acquittal. Therefore, we affirm the district court's decision to dismiss the constitutional challenge.

We also agree with the district court that the individual defendants are entitled to qualified immunity on Pierre's claims. Although qualified immunity is an affirmative defense that a defendant ordinarily has the burden of pleading and proving, *see Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Estate of Chamberlain v. City of White Plains*, 960 F.3d 100, 110 (2d Cir. 2020), in a case where the complaint does not allege a cognizable federal claim, the defendant is entitled to have his qualified-immunity motion granted promptly as a matter of law, on the basis of the complaint, *see, e.g.*, *Mitchell v. Forsyth*, 472 U.S. 511, 526-30 (1985); *Munafo v. Metro. Transp. Auth.*, 285 F.3d 201, 211 (2d Cir. 2002); *X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 65-66 (2d Cir. 1999). Prior to 2009, there was no clear constitutional standard by which to evaluate disclosure of exculpatory post-conviction evidence, and, in 2009, *Osborne* clarified that a *Brady*-like framework for disclosure does not apply. Pierre's alleged constitutional right—timely access to post-conviction exculpatory evidence was and is not "clearly established." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (explaining that qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" (internal quotation marks omitted)). Therefore, dismissal was proper. *See id.* at 231-32 (explaining that qualified immunity is "an immunity from suit rather than a mere defense to liability," and that it is important to resolve "immunity questions at the earliest possible stage in litigation" (internal quotation marks omitted)).

At oral argument, Pierre's counsel effectively acknowledged that his argument was not based on any existing precedent, and instead made an impassioned plea for this Court to create new law requiring police and prosecutors, as a matter of constitutional law, to develop and promptly disclose to a convicted prisoner any evidence they encounter that might cast doubt on the accuracy of the jury's verdict. It is certainly desirable that police departments and prosecutors remain alert, even after conviction, to evidence suggesting that the conviction may have been in error, though whether the Constitution should be held to incorporate, as a matter of due process, a rule requiring the immediate disclosure of any potentially exculpatory information to a convicted defendant—let alone the precise contours of such a rule—presents a different question. Moreover, under present law, police officers may not be sued for damages for failing to follow a proposed constitutional rule that is not clearly established by precedent. Here, not only was the rule for which Pierre contends not clearly established—it has in fact been disavowed by the

3

Supreme Court. This Court is bound by the Supreme Court's interpretation of the Constitution and has no power to devise constitutional rules that the Supreme Court has held do not exist.

Finally, Pierre's constitutional claims against municipal entities City of Rochester and Monroe County are waived because Pierre failed to present substantive arguments regarding those claims in his opening brief. *See JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("We begin by observing that arguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief."). In any event, Pierre has not plausibly alleged the existence of "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). He attempts to rest his municipal claims on entirely his own experiences, which is insufficient to sustain a *Monell* claim, even at the pleading stage. *See Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870 (2d Cir. 1992) ("A municipal agency may not be held liable . . . simply for the isolated unconstitutional acts of its employees.").

We have considered Pierre's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4